UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MARY HOLDNER,                                                                                  03-CV-0763E(Sc)

                        Plaintiff,

                                                                                                                                                                                                  MEMORANDUM

    -vs-

                                                                                                                                                                                                  AND

WAL-MART STORES, INC.,

                                                                                                                                                                                                  ORDER[1]

                       Defendant.
_____

        Mary Holdner filed a personal injury action against Wal-Mart Stores, Inc. ("Wal-Mart") in state court on August 29, 2003. Wal-Mart removed this action to this Court on October 10, 2003. On February 28, 2005, Wal-Mart filed a motion for summary judgment on the grounds that Holdner failed to proffer expert testimony concerning general or specific causation of her injuries. Holdner responded by noting that her treating physicians will testify that her alleged injuries were caused by her ingestion of cleaning solution contained in an iced tea dispenser at Wal-Mart. This motion was argued and submitted on April 9, 2005. For the reasons set forth below, Wal-Mart's motion for summary judgment will be granted.

        Rule 56(c) of the Federal Rules of Civil Procedure ("FRCvP") states that summary judgment may be granted only if the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In other words, after discovery and upon a motion, summary judgment is mandated "against a party

---

[1] This decision may be cited in whole or in any part.

who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.* v. *Catrett*, 477 U.S. 317, 322 (1986). Summary judgment is thus appropriate where there is "no genuine issue of material fact." *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).[2]

With respect to the first prong of *Anderson*, a genuine issue of material fact exists if the evidence in the record "is such that a reasonable jury could return a verdict for the nonmoving party."[3] Stated another way, there is "no genuine issue as to any material fact" where there is a "complete failure of proof concerning an essential element of the nonmoving party's case." *Celotex*, at 323. Under the second prong of *Anderson*, the disputed fact must be material, which is to say that it "might affect the outcome of the suit under the governing law." *Anderson*, at 248.

Furthermore, "[i]n assessing the record to determine whether there is a genuine issue as to any material fact, the district court is required to resolve all ambiguities and draw all factual inferences in favor of the party against whom summary judgment is sought."[4] Summary judgment is granted "begrudingly in negligence cases, which by their very nature tend to raise

---

[2] The moving party bears the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Goenaga* v. *March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995) (citing *Adickes* v. *S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)). If the moving party makes such a showing, the non-moving party must then come forward with evidence of specific facts sufficient to support a jury verdict in order to survive the summary judgment motion. *Ibid.*; FRCvP 56(e).

[3] *Anderson*, at 248; *see also id.* at 252 ("The mere existence of a scintilla of evidence in support of the [movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [movant].")

[4] *St. Pierre* v. *Dyer*, 208 F.3d 394, 404 (2d Cir. 2000) (citing *Anderson*, at 255).

factual questions."[5] Nonetheless, mere conclusions, conjecture, unsubstantiated allegations or surmise on the part of the non-moving party are insufficient to defeat a well-grounded motion for summary judgment.[6]

To prevail in "a toxic tort case, a plaintiff typically must establish both general and specific causation through expert testimony."[7] Furthermore, "[t]o establish general causation a plaintiff must show that the toxin alleged to be the cause of the plaintiff's malady is capable of causing the type of injury alleged when a person is exposed to it in a concentration similar to that to which the plaintiff claims to have been exposed."[8] Holdner, however, has proffered no evidence demonstrating general causation between the cleaning solution at issue and her alleged injuries.[9] On the other hand, Wal-Mart has proffered evidence suggesting that ingestion of the cleaning solution at issue does not result in the type of injuries alleged by Holdner.

---

[5]*Cernobe* v. *United States*, 1991 WL 185712, at *1-2 (W.D.N.Y. 1991) (denying summary judgment in slip-and-fall case involving ice on walkway).

[6]*Goenaga*, *supra* note 2, at 18.

[7]*Green* v. *McAllister Bros., Inc.*, 2005 WL 742624, at *11 (S.D.N.Y. 2005) (citing *Amorgianos* v. *Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 268 (2d Cir. 2002)).

[8]*Green*, *supra* note 7, at *11 (citing *Mancuso* v. *Consolidated Edison Co. of New York*, 967 F. Supp. 1437, 1445 (S.D.N.Y. 1997)); *Mancuso supra* at 1445 (holding that a physician testifying as to the toxicological effect of a substance on a person must establish, *inter alia*, "'general causation,' by demonstrating that, according to scientific literature, levels of the toxin comparable to those received by the plaintiff can cause the specific types of injuries he alleges").

[9]*McCullock* v. *H.B. Fuller Co.*, 61 F.3d 1038, 1043-1044 (2d Cir. 1995) is distinguishable because it construed the admissibility of a treating physician's opinion concerning specific causation but was silent with respect to the plaintiff's evidence concerning general causation.

Consequently, Wal-Mart's motion for summary judgment will be granted because there is no genuine issue of material fact concerning general causation.[10]

Accordingly, it is hereby **ORDERED** that Wal-Mart's motion for summary judgment is granted, that this action is dismissed and that the Clerk of this Court shall close this case.

DATED:   Buffalo, N.Y.

   May 26, 2005

>   /s/ John T. Elfvin
>   JOHN T. ELFVIN
>   S.U.S.D.J.

---

[10] A treating physician may opine as to specific causation without having to provide an expert report under FRCvP 26(a)(2)(B). *Kent* v. *Katz*, 2000 WL 33711516, at *1-2 (D. Vt. 2000) (holding that a treating physician may testify concerning specific causation and that no FRCvP 26(a)(2)(B) report is required of a treating physician); *Salas* v. *United States*, 165 F.R.D. 31, 33 (W.D.N.Y. 1995) (same); *see also Bank of China* v. *NBM LLC*, 359 F.3d 171, 182 n.13 (2d Cir. 2004) (citing *Kent* and *Salas* with approval). Nonetheless, the opinion of a treating physician must have been formed during the course of treatment and not in anticipation of litigation or at the request of counsel. *Kent*, *supra* at *2. In any event, the Court need not resolve the matter because Holdner failed to proffer any evidence of general causation.